# Exhibit 1

*Maurer Declaration in Support of Motion to*
*Amend Complaint and Modify Case Scheduling Order*

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| SARAH HOHENBERG and JOSEPH HANSON, Plaintiffs, | |
| v. | Civil Case No. 2:20-cv-02432-SHM-CGC |
| SHELBY COUNTY, TENNESSEE, Defendants. | |

Monday, July 15, 2024

Remote Zoom Deposition of JOHN CAMERON, taken with the witness participating from the Offices of the Shelby County Government, 160 North Main Street, Suite 950, Memphis, Tennessee, beginning at 11:48 a.m., EDT, before Ryan K. Black, Registered Professional Reporter, Certified Livenote Reporter and Notary Public in and for the Commonwealth of Pennsylvania.

A P P E A R A N C E S:

INSTITUTE FOR JUSTICE
BY: ROBERT A. PECCOLA, ESQ. - Via Zoom
901 North Glebe Road, Suite 900
Arlington, Virginia 22203
703.682.9320
rpeccola@ij.org

INSTITUTE FOR JUSTICE
BY: WILLIAM R. MAURER, ESQ. - Via Zoom
600 University Street, Suite 2710
Seattle, Washington 98101
206.957.1300
wmaurer@ij.org

Representing - Plaintiffs

SHELBY COUNTY ATTORNEY™S OFFICE
BY: KATHERINE L. FRAZIER, ESQ. - Via Zoom
160 North Main Street, Suite 950
Memphis, TN 38103
901.222.2100
katherine.frazier@shelbycountytn.gov
Representing - Shelby County Tennessee

BLACK MCLAREN JONES RYLAND & GRIFFEE, P.C.
BY: MARGARET FONSHELL WARD, ESQ. - Via Zoom
530 Oak Court Dr., Suite 360
Memphis, Tennessee 38117
901.762.0535
cmitchell@blackmclaw.com

(Cameron Exhibit No. 1, the Notice of Deposition, was introduced electronically.)

* * *

Whereupon --

JOHN CHARLES CAMERON,

called to testify via Zoom videoconference, having been first duly sworn or affirmed, was examined and testified as follows:

* * *

EXAMINATION

BY MR. PECCOLA:

Q. Hello again. My name is Rob Peccola. I'm an attorney with the Institute for Justice. We're a nonprofit public interest law firm, and we met last week. Nice to see you again.

A. You too.

Q. We represent the plaintiffs in a Constitutional challenge to the Shelby County Environmental Court's processes and procedures.

As your attorneys might have explained to you, this lawsuit raises Constitutional challenges specifically about whether that court satisfies due process under the U.S. Constitution.

You're here to testify in Hohenberg

published?

A. I don't.

Q. Will you remind me the dates that you were involved with the Evergreen Historic District?

A. I think I was on the board starting in 2014, and I left the board when we moved in 2018.

Q. Is this the same Evergreen Historic District that was a plaintiff in Sarah Hohenberg's case?

A. It is.

Q. So were you sitting on the board at the time her case was pending in Environmental Court?

A. It was pending, but I had provided no information to the board about it.

Q. Did you feel that there was a conflict for you to be serving as a referee and as a board member when the organization was a party?

A. You know, I thought about that. And it had been filed prior to my being on the board. The City of Memphis and Shelby County are both plaintiffs before the Court. So my reasoning -- and I think I brought it to Judge Potter's attention -- was that I'm not doing anything on the board that's related to that case; and I

wasn't providing the board with any information about that case. Mostly what I was doing on the board was -- at the time there was a lot of complaining about the zoo parking on the grass at Overton Park. There was a fundraiser/auction that they had every year that my wife was involved in planning. The Christmas Parade was the thing that was my main responsibility there, and that took a lot of work.

I guess I figured my involvement would have been different if it had been brought while I was on the board, and at that point I probably would have been much more likely to stop being on the board.

But I forget what yearly dues were. Maybe $30 or something like that. It was mostly social, the part that I was involved in, and service-oriented.

Q. Other than Judge Potter, did you inform anyone else that you were on the Evergreen board during Mrs. Hohenberg's lawsuit?

A. Not that I recall.

Q. Did you inform her attorney?

A. Her attorney changed at different points over the case, so it would be hard to remember

who was the attorney at the time --
Q. Well, regardless of the identity of the attorney, do you remember telling any of her attorneys that you were a Evergreen board member?
A. My involvement with the case was mostly just signing continuance orders.
Q. Well, that wasn't my question.
A. No, I don't recall.
Q. Is Judge Potter involved with the Evergreen organization?
A. The only time I can ever remember him having anything to do with it is I think he might have spoken at the annual meeting once -- no, I don't know if that's right or not.
It might have been when he was -- I remember, before he became judge, Judge Dandridge speaking at the annual meeting. But I don't recall Judge Potter ever addressing the board or the combined membership.
Q. Do you recall when Judge Dandridge's remarks to the Evergreen organization were?
A. I want to say January of 2018, at the time he was the Director of Housing for the City of Memphis -- or not Director of Housing. He was Deputy Director of Public Works, basically

Q. Understood.
I want to talk a little bit about my client's Environmental Court cases. And you were involved, if I'm correct, in some of the proceedings with Mrs. Hohenberg's case?
A. Not in any kind of making a decision. More just scheduling hearings for Judge Potter to hear.
(Cameron Exhibit No. 9, a document Bates Numbered SC000583, was introduced electronically.)
BY MR. PECCOLA:
Q. If you do a refresh, I've got another exhibit for you. This will be Number 9.
Let me know when you get a chance to take a look at it.
A. Mm-hmm.
Q. Okay. And if we scroll down to Page SC00585, the last page, is that your signature on this document?
A. Yes, that is my signature.
Q. Okay. And this is an order certifying public nuisance, requiring boarding and securing of the property, barring transfer without prior approval and requiring the submission of a plan

of abatement of the public nuisance; is that right?

A. Yes.

Q. Who would have typed this up?

A. Likely, it looks like submitted for approval by Brewer & Barlow PLC.

Q. So this is something that you signed that the attorneys drafted?

A. Yes.

Q. Is that a common practice for you?

A. Not especially.

Q. Do you recall anything about the proceedings in this case?

A. Not really. If I recalled anything at the time, it was I knew where the house was. I knew who Ms. Hohenberg was.

Q. How did you know that?

A. Because I went to high school with her daughter. And I remember the storm that caused the damage to the house.

Q. About how many hearings did you sit -- preside over for Ms. Hohenberg's case?

A. And, again, you know, presiding over was signing documents. I can't say for certain.

Q. More than 10?

A. I don't know.
Q. More than five?
A. I don't know.
Q. More than one?
A. Yes.
Q. Did witnesses testify at any of the Hohenberg proceedings you sat in?
A. Not that I can recall.
Q. Was any evidence introduced?
A. Not that I can recall.
I mean, probably maybe pictures of progress of the property, maybe. I don't know. The file has lots of pictures in it.
Q. Now, I don't see any evidence referenced in this order; is that right?
A. This is a part of an initial setting of a Neighborhood Preservation Act case, so, no. There may have been pictures provided. I'm not certain. Usually, maybe.
Q. So an order certifying public nuisance does not require any evidence; is that right?
A. No. It requires evidence.
Q. What evidence?
A. Could we take a break?
Q. There's a question pending. But as soon

C E R T I F I C A T E

I do hereby certify that I am a Notary Public in good standing, that the aforesaid testimony was taken before me, pursuant to notice, at the time and place indicated; that said deponent was by me duly sworn to tell the truth, the whole truth, and nothing but the truth; that the testimony of said deponent was correctly recorded in machine shorthand by me and thereafter transcribed under my supervision with computer-aided transcription; that the deposition is a true and correct record of the testimony given by the witness; and that I am neither of counsel nor kin to any party in said action, nor interested in the outcome thereof.

WITNESS my hand and official seal this 22nd day of July 2024.

__________________________

Notary Public