# IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TENNESSEE
### WESTERN DIVISION

|  |  |  |
|---|---|---|
| SARAH HOHENBERG and JOSEPH HANSON, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 2:20-cv-02432-SHM-cgc |
| SHELBY COUNTY, TENNESSEE, | ) ) | |
| Defendant. | ) ) | |

## ORDER LIFTING STAY AND DENYING MOTION FOR LEAVE TO AMEND COMPLAINT AND MODIFY CASE SCHEDULING ORDER

Plaintiffs bring this action under 42 U.S.C. § 1983 and 28 U.S.C. § 2201.

Before the Court is Plaintiffs' Motion for Leave to Amend Complaint and Modify Case Scheduling Order (ECF No. 127), filed on September 12, 2024. Defendant Shelby County opposes Plaintiffs' Motion and has filed a response (ECF No. 130) on September 18, 2024. Plaintiffs sought and were granted leave to file a reply, which they did on September 25, 2024. (See ECF Nos. 131-33.) On October 2, 2024, the Court held a telephone status conference and stayed the case until further order. (See ECF No. 135.) That stay is now **LIFTED** with this Order, and Plaintiffs' Motion for Leave to Amend Complaint and Modify Case Scheduling Order (ECF No. 127) is **DENIED**.

## I.  Background

Plaintiffs Sarah Hohenberg and Joseph Hanson lost their homes after proceedings in Division 14 of the Shelby County, Tennessee General Sessions Court, which is commonly referred to as the "Environmental Court". (See ECF No. 16, ¶¶ 63–152.) Hohenberg alleges that the Environmental Court's lack of constitutionally required due process left her "bankrupt, homeless, stripped of her possessions, and a fugitive from the law." (Id. ¶ 5.) Hanson alleges that the lack of due process in the Environmental Court put him in jail, stripped him of his possessions, and left him "homeless and living on the streets during a pandemic." (Id.) Plaintiffs allege the process afforded them by Shelby County in the Environmental Court was inadequate to respect Plaintiffs' constitutional rights. (Id. at ¶¶ 153-166.)

Plaintiffs sued Defendants Shelby County, Tennessee (the "County"); the City of Memphis, Tennessee (the "City"); and the Environmental Court under § 1983 and § 2201 seeking to: "(i) vindicate their fundamental right to due process; (ii) receive a declaration from this Court that the defendants' policies, practices, and customs were unlawful; and (iii) obtain monetary relief for the actual and special damages they suffered at the defendants' hands." (See ECF No. 16.) Only Shelby County remains a Defendant.

Plaintiffs alleged that the Environmental Court proceedings violated their due process rights under the Fourteenth Amendment to the United States Constitution. (See id. §§ 153–66.) Plaintiffs claimed that the proceedings: 1) "did not comport with the Tennessee Rules of Civil Procedure and the Tennessee Rules of Evidence"; 2) "were not transcribed or recorded"; 3) permitted evidence that "was not authenticated, admitted, or retained"; 4) "were not subject to meaningful review by appellate courts"; and 5) "otherwise did not guard against the risk of erroneous deprivation." (Id. ¶ 157.) Plaintiffs contended that the County was liable for those violations because it created and funded the Environmental Court and established a "policy, practice, or custom" that violated the Fourteenth Amendment and "traditional ideas of fair play and decency." (See id. ¶¶ 11–18, 153–66.)

The Court granted the Environmental Court and the City's motions to dismiss. (See ECF No. 35.) The Court also granted the County's motion for judgment on the pleadings. (See ECF No. 95.) Plaintiffs appealed the judgments as to the County and the Environmental Court. (See ECF No. 97.) They did not appeal the judgment as to the City. (See id.)

The Sixth Circuit affirmed in part and reversed in part. See Hohenberg v. Shelby Cnty., 68 F.4th 336 (6th Cir. 2023). The Sixth Circuit affirmed the Court's dismissal of the Environmental

3

Court, but reversed the dismissal of the County. See id. at 344. The remaining claims are Plaintiffs' Fourteenth Amendment claims against the County. The Sixth Circuit held that, to hold the County liable, Plaintiffs "must trace those violations to a County policy or practice." Id. The court opined that, although the County "created and funded the Environmental Court...those decisions sit a fair distance from the Court's alleged procedural deficits." Id.

On remand, Plaintiffs sought to depose the current and former Environmental Court judges. (See ECF Nos. 113-14, 117.) Both moved to quash their subpoenas. (See id.) On May 29, 2024, the Court granted the judges' motions to quash Plaintiffs' subpoenas because the knowledge the non-party judges had relevant to the procedures and policies of the Environmental Court was unlikely to be "'highly' pertinent," and because other individuals could provide that information. (See ECF No. 118.) Plaintiffs sought and were denied a certification of interlocutory appeal on this issue. (See ECF No. 124.)

On July 26, 2024, Plaintiffs filed an unopposed motion to extend the discovery and motion cut-off deadlines to September 5, 2024 and October 18, 2024, respectively. (See ECF No. 125.) The Court granted the unopposed motion on August 1, 2024. (See ECF No. 126.)

On September 12, 2024, Plaintiffs filed their Motion for Leave to Amend Complaint and Modify Case Scheduling Order. (ECF No. 127.) Plaintiffs' second amended complaint would include new allegations and an additional claim based on newly discovered information, as well as remove previously dismissed parties and claims. (See id.)  Defendant Shelby County filed a response on September 18, 2024, arguing that the long delay would prejudice Defendant and that Plaintiffs' new claim was futile. (See ECF No. 130) Plaintiffs filed a reply on September 25, 2024. (See ECF Nos. 131-33.) On October 2, 2024, the Court held a telephone status conference and stayed the case until further order. (See ECF No. 135.)

## II.  Law

Federal Rule of Civil Procedure 15(a)(2) permits a party to amend its pleading after 21 days of service with the consent of the opposing party or with leave of the court, and directs that "[t]he Court should freely give leave when justice so requires." In construing "freely give[n] when justice so requires," the Supreme Court has decided that:

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated

failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.——the leave sought should, as the rules require, be "freely given."

Foman v. Davis, 371 U.S. 178, 182 (1962).

In applying Rule 15(a)(2)'s "liberal amendment policy," a district court must consider the parties' competing interests and the likelihood of prejudice and state the basis for its decision. See Brown v. Chapman, 814 F.3d 436, 443 (6th Cir. 2016). There must be "significant prejudice to deny a motion to amend, Moore v. City of Paducah, 790 F.2d 557, 562 (6th Cir. 1986), and delay alone does not constitute sufficient prejudice to a defendant to deny a motion to amend. See Morse v. McWhorter, 290 F.3d 795, 800 (6th Cir. 2002); Tefft v. Seward, 689 F.2d 637, 639 n. 2 (6th Cir. 1982) ("Delay that is neither intended to harass nor causes any ascertainable prejudice is not a permissible reason, in and of itself to disallow an amendment of a pleading."). A proposed amendment is futile "if it could not withstand a Rule 12(b)(6) motion to dismiss." See Rose v. Hartford Underwriters Ins. Co., 203 F.3d 417, 421 (6th Cir. 2000).

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "a plaintiff must allege facts that, if accepted as true, are sufficient 'to raise a right to relief

6

above the speculative level,' and to state a 'claim to relief that is plausible on its face.'" Kovalchuk v. City of Decherd, 95 F.4th 1035, 1037 (6th Cir. 2024) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). The plaintiff must provide sufficient factual content for the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (quoting Ctr. for Bio-Ethical Reform, Inc. v. Napolitano, 648 F.3d 365, 369 (6th Cir. 2011)).

The Court must "view the complaint in the light most favorable to [Plaintiff] as the nonmovant, accepting the complaint's well-pleaded factual allegations as true and drawing all reasonable inferences in favor of [Plaintiff]." Zakora v. Chrisman, 44 F.4th 452, 464 (6th Cir. 2022). However, the Court "need not accept as true legal conclusions or unwarranted factual inferences, and conclusory allegations or legal conclusions masquerading as factual allegations will not suffice." Philadelphia Indem. Ins. Co. v. Youth Alive, Inc., 732 F.3d 645, 649 (6th Cir. 2013) (quoting Terry v. Tyson Farms, Inc., 604 F.3d 272, 275–76 (6th Cir. 2010)).

**III. Analysis**

In their proposed amended complaint, which comes more than four years after filing their original complaint, Plaintiffs intend to raise an additional claim based on the allegation that the Environmental Court "does not have policies or procedures to

7

prevent conflicts of interest, but in fact allows judicial offices to have actual conflicts of interest in hearing matters and making decisions, which conflicts create proceedings with bias or the appearance of bias in violation of due process rights." (ECF No. 127-1 ¶ 4.) Plaintiffs seek to allege that, "[b]y creating and continuing to fund the Environmental Court and its judge, Defendant Shelby County violated the Plaintiffs' rights under the Fourteenth Amendment to the U.S. Constitution." (Id. ¶ 19.)

Plaintiffs would specifically allege that Environmental Court Referee John Cameron presided over Plaintiff Hohenberg's case while serving as a member of the Board of the Evergreen Historic District Association, one of the plaintiffs in the environmental case against Hohenberg. (See id. ¶¶ 93-98.) Plaintiffs would allege that the County's policy or custom allowed Referee Cameron to decide this case with an undisclosed conflict of interest, even after Cameron raised concerns about that conflict with Environmental Court Judge Larry Potter. (See id.) Plaintiffs would claim that Cameron's status as party and the referee deciding Hohenberg's case is a direct conflict, or at least unquestionably raises the appearance of a conflict, either of which violates Plaintiffs' rights. (See id.; ECF No. 133 at 4-5.) Plaintiffs claim that the County did not disclose the information about this alleged conflict and that the conflict

8

was not discovered until Plaintiffs deposed Cameron on July 8 and 15, 2024. (See ECF No. 127 at 2-3 ¶¶ 2-7.)

Plaintiffs also intend to allege on information and belief that Environmental Court Judge Larry Potter might have had a conflict of interest in this case, failing to disclose that he might have had plans to work for Neighborhood Preservation, Inc. ("NPI") after he left the bench, which is the entity he appointed to be the receiver of Plaintiff Hohenberg's property. (See ECF No. 127-1 ¶¶ 99-104.)

## A. Futility

The operative question at this stage is not whether Cameron or Potter was a conflicted decisionmaker in Plaintiffs' cases in the Environmental Court. Plaintiffs have claims only against Shelby County. The operative question based on the Sixth Circuit's decision is whether Plaintiffs have pled with the required particularity that Shelby County had a policy or custom that caused the alleged constitutional due process violations. See Hohenberg, 68 F.4th at 344; Monell v. Dep't of Social Services of City of New York, 436 U.S. 658, 691-95 (1978). Plaintiffs' allegations must go beyond the creation and funding of the Environmental Court, or the existence of an employment relationship. See Hohenberg, 68 F.4th at 344; Monell, 436 U.S.

9

at 691-95.[1] Plaintiffs must plead more if any amendment is to be non-futile. See Foman, 371 U.S. at 182.

Defendant argues the conflict claim would be futile. Specifically, Defendant argues that Referee Cameron was "not doing anything on the board that's related to that case" and that his involvement "was mostly just signing continuance orders." (See ECF No. 130 at 4.) Addressing Judge Potter, Defendant argues that Judge Potter's post-bench employment has no bearing on Plaintiffs' due process rights. (See id. at 4-5.) Defendant argues that Plaintiffs' conflict of interest allegations do not rise to the level of constitutional due process violations based on Tumey v. Ohio, 273 U.S. 510 (1927), and Railey v. Webb, 540 F.3d 393 (6th Cir. 2008). Thus, the interest of justice does not require allowing Plaintiffs to amend their pleading. (See id. at 5-6.)

Plaintiffs respond that Defendant "severely limits the Supreme Court's conflict of interest test," which also forbids "the mere *appearance* of bias." (See ECF No. 133 at 4.) Plaintiffs argue that their proposed pleading meets the Tumey test as

---

[1] To establish a municipal policy or custom, a plaintiff must show: "(1) the existence of an illegal official policy or legislative enactment; (2) that an official with final decision making authority ratified illegal actions; (3) the existence of a policy of inadequate training or supervision; or (4) the existence of a custom of tolerance [of] or acquiescence [in] federal rights violations." Burgess v. Fischer, 735 F.3d 462, 478 (6th Cir. 2013).

clarified in Gibson v. Berryhill, 411 U.S. 564, 579 (1973), which is "whether, in the natural course of events, there is an indication of a possible temptation to an average man sitting as a judge to try the case with bias for or against any issue presented to him." Id. at 571.

Neither of these arguments addresses the question before the Court. The only remaining Defendant in this case is Shelby County. Whether what happened in Plaintiffs' environmental cases violated due process matters only if the violations were the result of a policy or custom of Shelby County. To survive a 12(b)(6) motion to dismiss on their Monell claim, Plaintiffs must do more than allege the legal conclusion that the harm done them by conflicted decisionmakers in the Environmental Court was the "direct result" of a Shelby County policy or custom, Plaintiffs must factually connect their harm to an illegal custom or policy of Shelby County. See Philadelphia Indem. Ins. Co., 732 F.3d at 649; Blackmore v. Kalamazoo Cty., 390 F.3d 890, 900 (6th Cir. 2004) (citing Monell, 436 U.S. at 694).

The record fails to establish that Shelby County has the authority over the Environmental Court's policies that would enable the County to commit the constitutional violations alleged. The Sixth Circuit has decided that the Environmental Court is "an arm of the state," not a part of the County that is subject to § 1983 Monell liability. See Hohenberg, 68 F.4th at

344. Plaintiffs' seek to infer a custom from a conversation between Referee Cameron and Judge Potter in which Judge Potter allegedly approved Referee Cameron's direct conflict. (See ECF No. 127-1 ¶¶ 93-98.) That single conversation is not a custom, and Plaintiffs have not connected the alleged harm caused by Environmental Court employees to any custom of Defendant Shelby County.

Plaintiffs have failed to specifically allege that *the County* is responsible for the alleged constitutional violations committed by the Environmental Court beyond creating and funding it. (ECF No. 127-1 ¶ 12-19.) As the Sixth Circuit said, "those decisions sit at a fair distance from the Court's alleged procedural deficits." See id. Plaintiffs' proposed amendment does not close that gap. An argument that the employment relationship between Environmental Court employees and the County is similarly foreclosed by Monell. 436 U.S. at 691-95. Even viewing the facts alleged and drawing inferences in the light most favorable to Plaintiffs, to accept the allegation that the County had customs or policies that caused Plaintiffs' injuries would be to accept "legal conclusions masquerading as factual allegations," something which "will not suffice" at this stage. See Philadelphia Indem. Ins. Co., 732 F.3d at 649.

Because the Court concludes the proposed amended complaint would not survive a 12(b)(6) motion to dismiss, Plaintiffs'

additional claim would be futile. See id.; Twombly, 550 U.S. at 555; Foman, 371 U.S. at 182; Rose, 203 F.3d at 421; Hohenberg, 68 F.4th at 344.

**B.     Prejudice**

Defendant also argues that, after four years of litigation, adding another claim and reopening discovery would cause undue delay and substantially prejudice Defendant. However, neither additional delay alone nor the fact that Defendant would have to continue to defend itself from these civil rights claims constitutes "significant prejudice." See Moore, 790 F.2d at 562. Plaintiffs allege that the basis for the new claim was recently discovered because Defendant did not disclose it years ago. (See ECF No. 133 at 2.) Although a new claim, it is also a Fourteenth Amendment Due Process Clause claim, which has been the subject of this suit from the beginning. This case has been pending for years. It has been to the Sixth Circuit and back, but there is no indication that Plaintiffs new claim is intended to delay or harass. The Court cannot say that granting the Motion would significantly prejudice Defendant.

Although Plaintiffs' Motion to Amend does not fail the prejudice analysis, it would be futile. See Foman, 371 U.S. at 182.

## IV.  Conclusion

Because the proposed amendment would be futile, Plaintiffs'
Motion for Leave to Amend Complaint and Modify Case Scheduling
Order (ECF No. 127) is **DENIED**. The Stay in this case is **LIFTED**.
The Court will adopt an amended scheduling order.


SO ORDERED this  _26th_  day of February, 2025.


/s/  *Samuel H. Mays, Jr.*
SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE