# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
### WESTERN DIVISION

---

SARAH HOHENBERG and JOSEPH
HANSON,

      Plaintiffs,

vs.

                              Civil Case No. 2:20-cv-02432-SHM-cgc

SHELBY COUNTY, TENNESSEE,

      Defendant.

---

## DEFENDANT'S RESPONSE TO PLAINTIFFS' MOTION FOR REVISION

---

COMES NOW Defendant Shelby County, Tennessee and responds as follows to the Plaintiffs' Motion for Revision (ECF 137):

Defendant will not rehash the long procedural history of this matter, as that is addressed at length in the Plaintiffs' motion. Currently before the court is a motion for "revision" of the Court's Order Lifting Stay and Denying Motion for Leave to Amend Complaint and Modify Case Scheduling Order (ECF 136, "the Order). As grounds, Plaintiffs argue at length that it was improper for the Court to deny Plaintiffs' proposed amendment on grounds of futility, and that there was a "manifest failure by the Court to consider material facts or dispositive legal arguments that were presented to the Court" before entering the Order under Local Rule 7.3(b)(3).

It is well within this Court's discretion, on ruling upon a motion to amend, to make a determination about whether the proposed amended complaint would be

futile—that is, it would not withstand a Rule 12(b)(6) motion to dismiss. *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 421 (6th Cir. 2000). The Court held that the new theory proposed by the Plaintiffs—that an alleged conflict of interest on the part of the Environmental Court judges somehow deprived the Plaintiffs of their due process rights—was not attributable to Shelby County.

It is true that the Court quoted observations from the Sixth Circuit's opinion in this matter, such as "although the County 'created and funded the Environmental Court...those decisions sit a fair distance from the Court's alleged procedural deficits'" (ECF 136, PageID 907) and "[t]he Sixth Circuit has decided that the Environmental Court is 'an arm of the state,' not a part of the County that is subject to § 1983 Monell liability." (PageID 914). It is true that these observations were not essential to the Sixth Circuit's ruling on the application of *Rooker Feldman* to this case, and therefore they qualify as "dicta." "A statement in a case can be considered dicta if it 'was not necessary to the determination of the issue on appeal.'" *United States v. Wynn*, 579 F.3d 567, 577 (6th Cir. 2009), quoting *United States v. Hardin,* 539 F.3d 404, 411 (6th Cir.2008).

However, there is nothing that prevents this Court from *agreeing* with these observations in ruling on Plaintiffs' motion to amend. "[T]he fact that a court is not bound by dicta 'does not mean' that the dicta 'is incorrect.'" *Kelly Servs., Inc. v. Creative Harbor, LLC*, 846 F.3d 857, 875 (6th Cir. 2017), quoting *Nat'l Am. Ins. Co. v. United States*, 498 F.3d 1301, 1306 (Fed. Cir. 2007). This is simply nothing close to "a manifest failure by the Court to consider material facts or

dispositive legal arguments" as required by Local Rule 7.3(b)(3), which is the law relied upon by Plaintiffs in asking for a "revision" of the Court's order.

In determining that the Plaintiffs' proposed amendment would be futile, the Court focused on the proof deficiencies under *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978), which serves as the exclusive basis for holding a municipality liable under § 1983. Namely, the Plaintiffs must "factually connect their harm to an illegal custom or policy of Shelby County." Order, PageID 914. But, they have "failed to specifically allege that the County is responsible for the alleged constitutional violations committed by the Environmental Court beyond creating and funding it." *Id.* at PageID 915.

This line of reasoning is applicable to the proposed added claims regarding the alleged conflict of interest on the part of the Environmental Court judges, which is why the Court denied the amendment. It is also a proof deficiency present in the *current* First Amended Complaint, a matter which is discussed at length in Defendant's pending Motion for Summary Judgment, filed on April 11, 2025. (ECF 138). Simply put, Plaintiffs do not have a legally viable claim under *Monell* against Shelby County in this case.

As discussed in Defendant's Response to the Plaintiffs' Motion to Amend (ECF 130), this matter has been pending for **nearly five (5) years now**, and all discovery deadlines have passed. Plaintiffs have been given full opportunity to properly allege and prove their claims. The proposed amendment and the request for additional discovery, and the present motion for "revision" of the Court's order on those matters

3

are late-stage "rabbit holes" that will further derail this litigation. The Court's ruling was legally sound and proper, and there is no reason for the Court to "revise" it. It is now time for the Court to dispose of this matter, either through summary judgment or trial.

Respectfully submitted,

/s/  R. H. Chip Chockley
KATHERINE L. FRAZIER (#17357)
R. H. "CHIP" CHOCKLEY (#20680)
JASEN M. DURRENCE (#33275)
Katherine.frazier@shelbycountytn.gov
Chip.chockley@shelbycountytn.gov
Jasen.durrence@shelbycountytn.gov
SHELBY COUNTY ATTORNEY'S OFFICE
160 North Main Street, Suite 950
Memphis, TN  38103
(901) 222-2100
*Attorneys for Defendant Shelby County*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served on all counsel of record registered with the Court's electronic filing system this the 17th day of April, 2025.

/s/ R. H. Chip Chockley

4