**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

| | | |
|---|---|---|
| SARAH HOHENBERG and JOSEPH HANSON,<br><br>Plaintiffs,<br><br>v.<br><br>SHELBY COUNTY, TENNESSEE, et al.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 2:20-cv-02432-BCL-cgc |

**ORDER DENYING PLAINTIFFS' MOTION FOR REVISION**

Before the Court is Plaintiffs Sarah Hohenberg and Joseph Hanson's Motion for Revision (Doc. 137) of this Court's Order Lifting Stay and Denying Motion for Leave to Amend Complaint and Modify Scheduling Order (Doc. 136).[1] For the following reasons, Plaintiffs' Motion is **DENIED**.

**BACKGROUND**

Plaintiffs Sarah Hohenberg and Joseph Hanson lost their homes after proceedings in Division 14 of the Shelby County, Tennessee General Sessions Court, which is commonly referred to as the "Environmental Court." Doc. 16. As relevant here, Plaintiffs claim that the process afforded them by Shelby County in the Environmental Court was inadequate, in violation of the Fourteenth Amendment's Due Process Clause. *Id*. at 21. Plaintiffs sued Defendants Shelby County,

[1] This case was originally assigned to Judge Samuel H. Mays. Doc. 2. Judge Mays transferred this case to the undersigned on April 15, 2026. Doc. 158.

Tennessee (the "County"); the City of Memphis, Tennessee; and the Environmental Court under 42 U.S.C. § 1983 and 28 U.S.C. § 2201 seeking to: "(i) vindicate their fundamental right to due process; (ii) receive a declaration from this Court that the defendants' policies, practices, and customs were unlawful; and (iii) obtain monetary relief for the actual and special damages they suffered at the defendants' hands." Doc. 16 at 2. Only Shelby County remains a Defendant.

On September 12, 2024, Plaintiffs filed a Motion to Amend/Correct Complaint and Scheduling Order. Doc. 127. In their Motion, Plaintiffs argued that a deposition revealed conflicts of interest related to the Environmental Court referee and one of the presiding judges. *Id*. at 2. They requested leave to file a second amended complaint to add a claim against Defendant Shelby County for "violating Plaintiff Hohenberg's rights to the fair and impartial administration of justice under the Due Process Clause of the Fourteenth Amendment to the U.S. Constitution." *Id*. at 3. The gist of the proposed claim was that Shelby County failed to prevent conflicts of interest in the Environmental Court. *Id.* at 4. Plaintiffs also requested an extension of the discovery deadline to further investigate the proposed new claim (if allowed to amend). *Id*.

On February 26, 2025, Judge Mays entered an order Denying Motion to Amend Complaint and Modify Case Scheduling Order. Doc. 136. Judge Mays denied the Motion based on futility because Plaintiffs' proposed amended complaint did not allege facts establishing that Defendant County—again, the sole remaining defendant—had control over the policies and practices of the Environmental Court (an arm of the State) relating to conflicts of interest, as required to state a claim for *Monell* liability. Doc. 136 at 11-13.

Plaintiffs filed the present Motion for Revision on April 4, 2025, asserting that Judge Mays "relied on Sixth Circuit dicta to hold that amendment was futile because Plaintiffs could not establish the County's *Monell* liability." Doc. 137-1 at 14. Defendant filed its opposition on April

17, 2025, closing the briefing. Doc. 139. As noted, the case was transferred to the undersigned in April 2026. Doc. 158.

## LEGAL STANDARD

A party may bring a motion for revision pursuant to Rule 54(b) of the Federal Rules of Civil Procedure and Local Rule 7.3. "As long as a district court has jurisdiction over the case, then it possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient." *Leelanau Wine Cellars, Ltd. v. Black & Red, Inc.*, 118 F. App'x 942, 946 (6th Cir. 2004). Under Local Rule 7.3(b), "[a] motion for revision must specifically show:"

> 1) a material difference in fact or law from that which was presented to the Court before entry of the interlocutory order for which revision is sought, and that in the exercise of reasonable diligence the party applying for the revision did not know such fact or law at the time of the interlocutory order; or
>
> 2) the occurrence of new material facts or a change of law at the time of the interlocutory order; or
>
> 3) a manifest failure by the Court to consider material facts or dispositive legal arguments that were presented to the Court before such interlocutory order.

"Motions to reconsider interlocutory orders are not otherwise permitted." LR 7.3(a). "Although it has authority to do so, the court will only reconsider its prior ruling in rare and unusual circumstances" because "[m]otions to reconsider run contrary to notions of finality and repose, and should be discouraged." *White v. Hitachi, Ltd.*, No. 3:04-CV-20, 2008 WL 782565, at *1 (E.D. Tenn. Mar. 20, 2008) (internal quotations omitted).

## LEGAL ANALYSIS

As noted, Judge Mays denied Plaintiffs' Motion to Amend/Correct Complaint and Scheduling Order on the basis that amendment would be futile under *Monell*. Doc. 136 at 11-13.

Plaintiffs argue the Court committed clear error by relying on Sixth Circuit dicta to find their proposed amendment futile under *Monell*. Doc. 137-1 at 12. Plaintiffs' argument fails for at least two independently sufficient reasons.

**1.** Plaintiffs' Motion fails because Plaintiffs have not presented the sorts of arguments permitted by Local Rule 7.3, which governs motions for revision of interlocutory orders. Plaintiffs do not argue that the Motion falls within Local Rule 7.3(b)(1) or (b)(2).

Plaintiffs instead invoke Local Rule 7.3(b)(3), which permits a motion to revise an interlocutory order if it "specifically show[s] … a manifest failure by the Court to consider material facts or dispositive legal arguments that were presented to the Court before such interlocutory order." Read charitably, Plaintiffs' argument is that: (a) Judge Mays overread or over-relied on dicta from the Sixth Circuit's earlier opinion in this case, and (b) that caused him to ignore allegations in the proposed amended complaint (and associated legal arguments) that satisfied *Monell*. Doc. 137-1 at 12, 17-18.

Plaintiffs' attempted invocation of Local Rule 7.3(b)(3) amounts to word play. Even assuming Plaintiffs are correct that Judge Mays improperly gave dicta binding effect (but see below), that would not mean that he failed to consider the allegations and arguments Plaintiffs now highlight. Rather, that would mean that he rejected them on an improper basis—i.e., by mistakenly treating dicta as binding. Even on its own terms, then, Plaintiffs' argument provides no basis for revision under Local Rule 7.3. "Finality and repose" therefore must control, *White v. Hitachi, Ltd.*, No. 3:04-CV-20, 2008 WL 782565, at *1 (E.D. Tenn. Mar. 20, 2008) (internal quotations omitted)—policies all the more important in this now six-year-old case.

**2.** Independently, Plaintiffs' Motion fails on the merits. The Motion makes two moves, both essential to its success: (1) Judge Mays improperly gave binding effect to Sixth Circuit dicta,

and (2) if he had not done so, he would have seen that the proposed complaint was not futile. The Motion stumbles at both steps.

First, Judge Mays did not give binding effect to dicta. True, Judge Mays observed the Sixth Circuit's determination, in deciding Plaintiffs' claim against the Environmental Court, that the Environmental Court is "an arm of the State,"[2] and Judge Mays likewise noted the Sixth Circuit's statement, in dicta closing its opinion, that the County's creation and funding of the Environmental Court "sits at a fair distance" from the Environmental Court's granular policies. Doc. 136 at 11. But Judge Mays placed no apparent weight (and certainly no dispositive weight) on the first observation, which he provided as background—setting the stage that the Environmental Court is to at least some extent at a remove from the County. And, in the exercise of his own independent judgment, Judge Mays affirmatively endorsed the second sentence on the way to his ultimate conclusion. His Order makes that clear: He did not say that "the Sixth Circuit has held," or "determined"; rather, he agreed that, "[a]s the Sixth Circuit said, …" The bottom line is that Judge Mays did not defer to dicta but instead concluded that "Plaintiffs have failed to specifically allege that the *County* is responsible for the alleged constitutional violations committed beyond creating and funding it," and that "to accept the allegation that the County had customs or policies that caused Plaintiffs' injuries would be to accept legal conclusions masquerading as factual allegations, something which will not suffice at this stage." Doc. 136 at 12-13 (citations and quotation marks omitted).

*Second*, and independently, Plaintiffs' proposed amended complaint was futile. *See Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000) ("A proposed amendment is

[2] This statement was not obviously dicta, as it was essential to the Sixth Circuit's holding concerning the claim against the Environmental Court. That said, in making this statement, the Sixth Circuit was not addressing the County's potential *Monell* liability, which is a separate legal issue. The statement in question certainly was not a holding on *that* issue, which is what matters here.

futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss."). At times Plaintiffs argue straightforwardly that Judge Mays erred in considering the *Monell* issue at all; indeed, on the most natural reading of their Motion that is the full extent of their argument. *See* 137-1 at 17-18 (faulting the Order for considering *Monell* liability, which Plaintiffs allege caused the Order to "fail[ ] to consider" arguments made by the Parties). To the extent that is Plaintiffs' argument, Plaintiffs have failed to adequately present it with supporting authority and, independently, it fails on its substance. *See, e.g., Smith v. Michigan Dep't of Corr.*, 159 F.4th 1067, 1074 (6th Cir. 2025) ("If parties fail to brief an issue, a reviewing court 'may consider an issue antecedent to and ultimately dispositive of the dispute before it.'").

But Plaintiffs' Motion likewise fails if it is taken to challenge Judge Mays' application of *Monell* to conclude that Plaintiffs failed to state a viable *Monell* claim against the County as it relates to alleged conflicts of interest. A plaintiff raising a municipal liability claim under § 1983 must demonstrate that the alleged federal violation occurred because of a municipal policy or custom. *Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 694 (1978). "A plaintiff can make a showing of an illegal policy or custom by demonstrating one of the following: (1) the existence of an illegal official policy or legislative enactment; (2) that an official with final decision-making authority ratified illegal actions; (3) the existence of a policy of inadequate training or supervision; or (4) the existence of a custom of tolerance or acquiescence of federal rights violations." *Burgess v. Fischer*, 735 F.3d 462, 478 (6th Cir. 2013). Judge Mays correctly observed that neither Plaintiffs' allegations concerning the creation and funding of the Environmental Court, nor their allegations concerning employment of personnel by the County, nor their allegations concerning conversations between Referee Cameron and Judge Potter sufficed under *Monell*. Doc. 136 at 8-9, 11-12. Plaintiffs do not appear to challenge those determinations in their Motion, leaving only

(as Judge Mays recognized) a series of legal conclusions concerning purported "policies and practices," without actual factual allegations capable of supporting a claim at the pleading (or amendment) stage. Doc. 136 at 12-13. *See Burgess*, 735 F.3d 462, 478 (6th Cir. 2013) (plaintiff must allege *facts* establishing a *Monell* claim; mere invocation of words like "custom" or "policy" do not suffice).

In short, Judge Mays did not err, and there is no basis for reconsidering or revising his Order.

## CONCLUSION

For the foregoing reasons, Plaintiffs' Motion for Revision (Doc. 137) is **DENIED**.

**IT IS SO ORDERED**, this 18th day of September 2026.

*Brian C. Lea*
BRIAN C. LEA
UNITED STATES DISTRICT JUDGE